IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AUSTIN KADE GOINGS,<br><br>Defendant. | CR 19-83-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Austin Kade Goings (Goings) has been accused of violating the conditions of his supervised release. Goings admitted all of the alleged violations. Goings's supervised release should be revoked. Goings should be placed in custody for 5 months, with 52 months of supervised release to follow.

## II. Status

Goings pleaded guilty to Sexual Abuse of a Minor on October 13, 2020. (Doc. 50). The Court sentenced Goings to 21 months of custody, followed by 5 years of supervised release. (Doc. 76). Goings's current term of supervised release began on March 1, 2023. (Doc. 93 at 1).

**Petition**

The United States Probation Office filed a Petition on May 23, 2023, requesting that the Court revoke Goings's supervised release. (Doc. 93). The Petition alleged that Goings had violated the conditions of his supervised release: 1) by failing to report to his probation officer as directed; and 2) by failing to notify his probation officer of a change in residence.

**Initial appearance**

Goings appeared before the undersigned for his initial appearance on August 17, 2023. Goings was represented by counsel. Goings stated that he had read the petition and that he understood the allegations. Goings waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on August 14, 2023. Goings admitted that he had violated the conditions of his supervised release: 1) by failing to report to his probation officer as directed; and 2) by failing to notify his probation officer of a change in residence. The violations are serious and warrant revocation of Goings's supervised release.

Goings's violations are Grade C violations. Goings's criminal history

category is I. Goings's underlying offense is a Class C felony. Goings could be incarcerated for up to 24 months. Goings could be ordered to remain on supervised release for up to 57 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Goings's supervised release should be revoked. Goings should be incarcerated for 5 months, with 52 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Goings that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Goings of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Goings that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Austin Kade Goings violated the conditions of his supervised release: by failing to report to his probation officer as directed; and by failing to notify his probation officer of a change in residence.

The Court **RECOMMENDS:**

That the District Court revoke Goings's supervised release and commit Goings to the custody of the United States Bureau of Prisons for 5 months, with 52 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 18th day of August, 2023.

John Johnston
United States Magistrate Judge

4